**E-Filed 8/27/2010**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | | |
|---|---|---|
| MAPLEBROOK TOWNHOMES, LLC, | ) | Case No.: 10-CV-03688-LHK |
| Plaintiff, | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| GREENBANK and/or its affiliates, officers, assigns or agents, THERETO, | ) | [re: docket no. 7] |
| Defendants. | ) | |

On July 12, 2010, Plaintiff Maplebrook LLC (Maplebrook) filed an action in the Circuit Court for Hawkins County, Tennessee against Defendant Greenbank, alleging violations of Tennessee Code, the Real Estate Settlement Procedures Act (RESPA) ( 24 CFR § 3500.21(e)), the Uniform Commercial Code (U.C.C.) (§ 2-106(4)), and 15 U.S.C. § 1635(b). Dkt. No. 7-3, Ex. D (Tennessee Complaint), at 1-6.  Maplebrook's claims relate to a mortgage on apartments at 499 Hawkins Street in Rogersville, Tennessee (the Property). *Id*. at 9.  The Tennessee complaint requests an injunction against foreclosure on the Property, rescission of the mortgage, and reimbursement of "[a]ll funds paid by plaintiff." *Id*. at 7.

On August 3, 2010, Maplebrook Townhomes, LLC, through its Managing Member, Chris Monet, filed an action in the Santa Clara County Superior Court, California, against Greenbank

Case No.: 10-CR-03688-LHK
ORDER TO SHOW CAUSE

and/or its affiliates, officers, assigns or agents, and unnamed Does, alleging violation of the Fair Debt Practices Procedures Act, 15 USC § 1692g, RESPA  (24 CFR § 3500.21(e)), U.C.C. § 3-308, and unspecified provisions of the Truth in Lending Act (TILA) (15 U.S.C. § 1601, et seq.).  Dkt. No. 7-3, Ex. F (California Complaint) at 1-7.  As in the Tennessee Complaint, in the California Complaint, Maplebrook seeks "a release of all claims against Plaintiff" and a "Quiet Title."  *Id*. at 7.  On the same day, Maplebrook moved for a temporary restraining order to prevent a foreclosure sale of the Property scheduled for August 6, 2010.  Dkt. No. 7-3, Ex. E at 2.  On August 11, 2010, the court issued the temporary restraining order, and set a hearing for August 30, 2010 on an order to show cause why a preliminary injunction should not be issued to further enjoin sale of the Property.  Dkt. No. 7-3, Ex. G at 2-3.  On August 19, 2010, Defendant Greenbank specially appeared to remove the California action to this Court.  Because Plaintiffs asserted a claim over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1331, removal was appropriate.

On the same day that Plaintiffs removed the action, they filed a paper styled "Opposition of Specially Appearing Defendant Greenbank to Order to Show Cause re Preliminary Injunction," apparently in the belief that the hearing on the order to show cause issued by the Santa Clara Superior Court would go forward in this Court.  *See* Dkt. No. 7 (Opposition) at 6.  However, the deadlines set by the Superior Court were vacated when the Plaintiffs removed the action to this Court, and there are currently no pending motions in this Court.  *See* Dkt. No. 9.  Unless Maplebrook moves in this Court, the temporary restraining order issued by the Superior Court will expire on August 30, 2010.  Nevertheless, Greenbank's Opposition raises serious questions about whether Greenbank is subject to personal jurisdiction in this Court, and whether the Court should stay this case pending resolution of the Tennessee case pursuant to the Abstention Doctrine.

2

Case No.: 10-CV-03688-LHK
ORDER TO SHOW CAUSE

1  Therefore, Maplebrook is hereby ordered to show cause why this case should not be dismissed for lack of personal jurisdiction over Greenbank, and why this case should not be stayed pending resolution of the Tennessee action according to *Colorado River* abstention.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Maplebrook is also ordered to file an appearance of counsel admitted to practice law in California, as required of all corporations appearing before this Court by Local Rule 3-9(b).  Filings on behalf of corporate parties by persons who are not admitted to the California State Bar will not be considered by the Court.  Maplebrook is further ordered to submit a copy of all filings in the Tennessee action, case no. 10-CV-0292, to this Court.  Finally, Maplebrook is ordered to submit a sworn declaration identifying its date of formation, membership (from date of formation to the present), and whether "Maplebrook LLC" (the named Plaintiff in the Tennessee action) is the same legal entity as "Maplebrook Townhomes LLC," the named Plaintiff in this action.  This information must be filed by September 8, 2010.  If Greenbank wishes to file a reply, it must do so within one week of the day Maplebrook files its submission.

Given the jurisdictional questions raised here, no other motion in this matter will be considered by this Court until Maplebrook has filed the requested information and the Court has had a chance to review it.

If this information is not received by September 10, 2010, this case will be dismissed for lack of personal jurisdiction over Greenbank.

Greenbank is ordered to serve this Order on Maplebrook by no later than Monday, August 30, 2010, and to file proof of service with the Court.

**IT IS SO ORDERED.**

Dated: August 27, 2010

_____
LUCY H. KOH
United States District Judge

3

Case No.: 10-CV-03688-LHK
ORDER TO SHOW CAUSE