UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAPLEBROOK TOWNHOMES LLC, </br></br>   Plaintiff, </br> v. </br></br> GREENBANK and/or its affiliates, officers, assigns or agents, THERETO, </br></br>   Defendants. | Case No.: 10-CV-03688-LHK </br></br></br> ORDER DISMISSING CASE WITH PREJUDICE |

Plaintiff Maplebrook LLC alleges that Defendant Greenbank violated the Fair Debt Collections Practices Act (15 USC § 1692g), Real Estate Settlement Procedures Act (24 CFR § 3500.21(e)), U.C.C. § 3-308, and unspecified provisions of the Truth in Lending Act (15 U.S.C. § 1601, et seq.). Dkt. No. 7-3, Ex. F ("California Complaint") at 1-7. Maplebrook's claims relate to foreclosure of a mortgage on apartments at 499 Hawkins Street in Rogersville, Tennessee (the Property). Prior to bringing the California Complaint, Maplebrook filed an action in Tennessee based on the same factual allegations. Dkt. No. 7-3, Ex. D ("Tennessee Complaint"). On August 27, 2010, this Court ordered Maplebrook to show cause why this case should not be dismissed for lack of personal jurisdiction over Defendant Greenbank, and why this case should not be stayed pursuant to *Colorado River* abstention in light of the Tennessee action. Dkt. No. 11; *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Subsequently, both parties submitted briefing on these issues. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter

appropriate for resolution without oral argument. For the reasons discussed below, the Court finds that it lacks personal jurisdiction over Greenbank and DISMISSES the case WITH PREJUDICE. The Court therefore VACATES the hearing previously set for December 2, 2010, on Greenbank's Motion to Dismiss.

## I. BACKGROUND

### A. FACTUAL BACKGROUND

Maplebrook is a Limited Liability Corporation incorporated in Tennessee.[1] *See* Monet Decl. (Dkt. No. 17) at ¶ 6; Hood Decl. ISO Opp'n. (Dkt. No. 7-3), Ex. D ("Tennessee Complaint") at ¶ 2. Greenbank is a state-chartered entity incorporated in Tennessee. *See* Lewis Decl. ISO Opp'n. at ¶ 3. On or about July 31, 2008, Greenbank issued a $630,000 mortgage loan to Maplebrook to finance the Property, in exchange for a Deed of Trust to the Property. *See* Tennessee Complaint at ¶ 3-4. At the time of execution of the loan documents, Maplebrook's managing partner, David Jostak, resided in Nevada. *Id.* at 1. Jostak executed the promissory note and deed of trust. *Id.* The loan went into default, and Greenbank instituted foreclosure proceedings. *Id.* at 3. The foreclosure sale was originally set for July 23, 2010. *See* Tennessee Complaint at ¶ 11.

### B. PROCEDURAL BACKGROUND

On July 12, 2010, Plaintiff filed an action in the Circuit Court for Hawkins County, Tennessee against Greenbank, alleging violations of the Tennessee Code, the Real Estate Settlement Procedures Act (RESPA) (24 CFR § 3500.21(e)), the Uniform Commercial Code (U.C.C.) (§ 2-106(4)), and 15 U.S.C. § 1635(b). Tennessee Complaint at 1-6. The Tennessee Complaint sought an injunction against foreclosure on the Property, rescission of the mortgage, and

---

[1] Greenbank argues that Maplebrook does not have standing to maintain this action. "A foreign limited liability company transacting intrastate business in this state shall not maintain any action, suit, or proceeding in any court of this state until it has registered in this state." Cal. Corp. Code §17456(a). Greenbank has submitted information indicating that Maplebrook, a Tennessee limited liability corporation, has not registered to do business in California, but there is no evidence in the record that Maplebrook has transacted intrastate business in California. *See* Dkt. 7-1, at ¶ 4. However, this issue was not raised in the Order to Show Cause. The Court issues this order without reaching the question of Maplebrook's standing. *See Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) (court may consider personal jurisdiction before subject matter jurisdiction).

2
Case No.: 10-CV-03688-LHK
ORDER DISMISSING WITH PREJUDICE FOR LACK OF PERSONAL JURISDICTION

reimbursement of "[a]ll funds paid by plaintiff." *Id.* at 7.  The Tennessee Court was set to hold a hearing on July 21, 2010, but the parties agreed to postpone the foreclosure sale until August 6, 2010, and the court vacated the hearing.  *See* Opp'n. at 4.

On August 3, 2010, Maplebrook, through its Managing Member, Chris Monet, filed an action in the Santa Clara County Superior Court, California, against Greenbank, alleging violation of the Fair Debt Practices Procedures Act (15 USC § 1692g), RESPA (24 CFR § 3500.21(e)), U.C.C. § 3-308, and unspecified provisions of the Truth in Lending Act (TILA) (15 U.S.C. § 1601, et seq.).  California Complaint at 1-7.  As in the Tennessee Complaint, Maplebrook sought "a release of all claims against Plaintiff" and "Quiet Title" in the California Complaint.  *Id.* at 7.  On the same day, Maplebrook moved for a temporary restraining order to prevent a foreclosure sale of the Property scheduled for August 6, 2010. Dkt. No. 7-3, Ex. E at 2.  On August 11, 2010, the Superior Court issued the temporary restraining order enjoining the sale and set a hearing for August 30, 2010 on an order to show cause why a preliminary injunction should not be issued to further enjoin sale of the Property.  Dkt. No. 7-3, Ex. G at 2-3.  However, the sale had already been conducted on August 6, 2010, because Greenbank had no notice of the California proceedings until August 10, 2010.  *See* Opp'n. at 5.  On August 19, 2010, Greenbank specially appeared to remove the California action to this Court.  Because Maplebrook asserted a claim over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1331, removal was appropriate.

On the same day that Greenbank removed the action, it also filed a paper styled "Opposition of Specially Appearing Defendant Greenbank to Order to Show Cause re Preliminary Injunction," apparently in the belief that the hearing on the order to show cause issued by the Santa Clara Superior Court would go forward in this Court.  *See* Dkt. No. 7 (Opp'n.) at 6.  However, the deadlines set by the Superior Court were vacated when Greenbank removed the action to this Court.  *See* Dkt. No. 9.  Nonetheless, the Opposition raised the issue of personal jurisdiction and on August 27, 2010 this Court issued an Order to Show Cause why the case should not be dismissed for lack of personal jurisdiction.[2]  *See* Dkt. No. 11.  Maplebrook's response was due on September

---

[2] In the same Order to Show Cause, this Court also ordered Plaintiff to file an appearance of counsel admitted to practice law in California, as required of all corporations appearing before this Court by Civil Local Rule 3-9(b). Dkt. No. 11, at 3.  Up until that point, Maplebrook had been

3

Case No.: 10-CV-03688-LHK
ORDER DISMISSING WITH PREJUDICE FOR LACK OF PERSONAL JURISDICTION

10, 2010. An attorney appeared on behalf of Maplebrook on September 9, 2010. After receiving two extensions, on September 23, 2010 Maplebrook filed its response to the order to show cause. *See* Dkt. No. 23 ("Response"). As permitted by the Order to Show Cause, Greenbank then filed additional briefing in the form of a reply to Maplebrook's response on September 30, 2010.

On September 3, 2010, Greenbank had also filed a motion to dismiss, or in the alternative, to abstain, stay, or transfer, and motion for a more definite statement. *See* Dkt. No. 13 ("MTD"). Because the Court finds that it lacks personal jurisdiction over Greenbank, it will not consider the other arguments in the MTD.

**II. DISCUSSION**

Under Ninth Circuit law, the law of the state determines personal jurisdiction when there is no applicable federal statute governing personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California's long arm statute is coextensive with federal due process requirements, so the analysis for personal jurisdiction is the same under both state and federal law. *Id.* at 801. A court may exercise personal jurisdiction over a non-resident defendant only when the defendant has "minimum contacts" with the forum state such that jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.*

Once the defendant has moved to dismiss for a lack of personal jurisdiction, it is the plaintiff's burden to establish that personal jurisdiction is warranted. Courts must accept the plaintiff's "uncontroverted allegations" as true. *See id.* at 800. Courts should grant leave to amend unless it is clear that amendment is futile and cannot cure the complaint's deficiencies. *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007).

There are two types of personal jurisdiction: general and specific. For general personal jurisdiction, "the defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (internal citations and quotations omitted). "This is an exacting standard, as it should be, because a finding

---

impermissibly proceeding through Chris Monet, its Managing Member, who is not a member of the State Bar of California. Dkt. No. 7-1, at ¶ 5.

4

Case No.: 10-CV-03688-LHK
ORDER DISMISSING WITH PREJUDICE FOR LACK OF PERSONAL JURISDICTION

of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.*

The second type of personal jurisdiction is specific jurisdiction. The Ninth Circuit has adopted a three-part test, requiring the plaintiff to show that: (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *Id.* at 802. According to the *Calder* test established by the Supreme Court, a foreign act aimed at and having effect in the forum satisfies the first prong of this analysis. *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). It is the plaintiff's burden to plead allegations satisfying the first two prongs, and if the plaintiff successfully does so, the burden shifts to the defendant to show why exercise of personal jurisdiction is not reasonable and fair. *Schwarzenegger*, 374 F.3d at 802.

**A. General Jurisdiction**

As a preliminary matter, courts are "understandably reluctant to establish general jurisdiction" because it is such an exacting standard. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171-74 (9th Cir. 2006). Here, Plaintiff has alleged no facts attributing a level of business contacts to Greenbank that "approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801. From the pleadings, the only potential contact is the transaction leading to this dispute—a single mortgage loan to a Tennessee-based LLC, with its current members residing in California. California Complaint at 1. The Ninth Circuit has rejected general jurisdiction even in situations where the defendant had far more substantial contacts than this. *See, e.g.*, *Schwarzenegger*, 374 F.3d at 801 (rejecting general jurisdiction where contacts included sales contracts with California residents and utilization of California marketing and consulting companies); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (rejecting general jurisdiction where defendant made occasional sales to California residents and had license agreements with California vendors and television networks) (*overruled in part on other grounds* by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (*en banc*); *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)

5

Case No.: 10-CV-03688-LHK
ORDER DISMISSING WITH PREJUDICE FOR LACK OF PERSONAL JURISDICTION

1  (collecting cases finding no general jurisdiction despite the defendants' significant contacts with
2  forum).
3  Maplebrook's Response makes no other arguments supporting a finding of general
4  jurisdiction, and the alleged facts are simply insufficient to establish general jurisdiction over
5  Greenbank.

### B. Specific Jurisdiction

In its Response, Maplebrook argues that Greenbank is subject to specific jurisdiction in California for four reasons: (1) Greenbank removed the matter to a California federal court; (2) personal jurisdiction is conferred by service in the forum; (3) personal jurisdiction is conferred by a business presence in the forum; and (4) personal jurisdiction is conferred by Greenbank's website, which is accessible by California residents. Response at 9-10. These arguments speak to the "purposeful availment" prong of the Ninth Circuit's three-part test for personal jurisdiction. However, none of the alleged contacts amount to purposeful availment.

Regarding Maplebrook's first argument that the removal itself "invoke[ed] the benefits and protections of California's laws" (Response at 9), the United States Supreme Court has held that a removal to federal court counts as a special appearance and does not waive the right to object to personal jurisdiction. *Wabash W. Ry. v. Brow*, 164 U.S. 271, 278-79 (1896). Therefore, Greenbank is within its rights to object to personal jurisdiction although it removed this case to federal court.

Maplebrook's second argument is without merit, as the record shows that service was performed in Tennessee. *See* Dkt. 13-2 at 37.

To analyze Maplebrook's third argument, the Court looks to Ninth Circuit case law establishing the requirements for purposeful direction and availment. As an initial matter, Maplebrook cannot base its argument for personal jurisdiction in California solely on the existence of a mortgage loan between Maplebrook and Greenbank because both Maplebrook and Greenbank are Tennessee corporations. *See* Tennessee Complaint at ¶¶ 1, 3. Even if Maplebrook had been incorporated in California, a contract with a non-resident defendant, standing alone, does not create

6

Case No.: 10-CV-03688-LHK
ORDER DISMISSING WITH PREJUDICE FOR LACK OF PERSONAL JURISDICTION

1    jurisdiction over that defendant in the forum state. *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th

2    Cir. 2008). Therefore, Maplebrook must rely on other arguments showing that Greenbank

3    "expressly aim[ed]" its activities at the forum. *Schwarzenegger*, 374 F.3d at 802; *see also Decker

4    Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986) (requiring affirmative

5    conduct by defendant allowing or promoting transactions of business in the forum state, such as

6    requiring performance of contract in forum state). Maplebrook has not alleged that Greenbank's

7    actions were expressly aimed at California. Indeed, Maplebrook's allegations fail to show that

8    Greenbank's foreign acts would have any foreseeable effects in California, and therefore fail the

9    *Calder* test. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (describing the

10   *Calder* test as requiring both foreseeable effects and something more—express aiming at the forum

11   state). Greenbank, in transacting with a Tennessee corporation regarding a Tennessee property,

12   would have had no reason to foresee effects in California. Finally, Maplebrook's failure to allege

13   any affirmative conduct by Greenbank in California, or aimed at California, weighs against a

14   finding of purposeful availment. *See Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991)

15   ("[T]he purposeful availment analysis turns upon whether the defendant's contacts are attributable

16   to 'actions by the defendant *himself*,' or conversely to the unilateral activity of another party.")

17   (quoting *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir.1986)).

18          As for Maplebrook's final argument about Greenbank's web presence, the Court uses the

19   test set forth by the Ninth Circuit in *Cybersell v. Cybersell*, 130 F.3d 414, 419 (9th Cir. 1997).

20   According to *Cybersell*, courts should use a sliding scale to determine whether the exercise of

21   jurisdiction is warranted: "the likelihood that personal jurisdiction can be constitutionally

22   exercised is directly proportionate to the nature and quality of commercial activity that an entity

23   conducts over the Internet." *Id.* at 419 (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952

24   F.Supp. 1119, 1124 (W.D. Pa. 1997)). In *Cybersell*, the Ninth Circuit stated that passive web

25   presence alone is not enough to confer personal jurisdiction. *Id.* at 418. Rather, "something more"

26   must show that the defendant purposefully directed activity in a substantial way to the forum state.

27   *Id.* Maplebrook has not alleged any facts suggesting such purposeful direction towards residents of

28

California.[3]  Even if Maplebrook had done so, Maplebrook would still fail to meet the second prong of the test for specific jurisdiction, which requires that the claim arises out of or relates to those activities.  *Schwarzenegger*, 374 F.3d at 802.  Maplebrook has not alleged facts stating that its claims arose from purposefully directed web-based activity towards California residents on the part of Greenbank.

Because Maplebrook has failed to meet the first and second prongs of the test for specific jurisdiction, there is no need to go to the third prong of the test.  Maplebrook has not satisfied its burden to show personal jurisdiction over Greenbank.

### C.  DISMISSAL

In its Response, Maplebrook requests a further chance to brief personal jurisdiction in the event of dismissal.  Notably, Maplebrook does not state that it can allege additional facts regarding Greenbank's activities aimed at this forum, or for an opportunity to take discovery regarding Greenbank's contacts.  Instead, it requests a further opportunity to argue that the facts already alleged support extending personal jurisdiction over Greenbank.  Maplebrook had ample opportunity to respond to the Order to Show Cause which explicitly asked that it show why this case should not be dismissed for lack of personal jurisdiction.[4]  Maplebrook has not explained why it is necessary to have additional time beyond the two extensions already granted.  Maplebrook's request for additional briefing is denied.

Courts can dismiss without leave to amend if "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Swartz*, 476 F.3d at 761 (quoting *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).  The record allows no room for consistent amendments to support a finding of personal jurisdiction: the dispute is between two Tennessee corporations and arises from a mortgage loan on a Tennessee property executed by a Plaintiff corporation member who resided in Nevada at the time of execution.  The only alleged California

---

[3] Plaintiff has alleged that a Los Angeles-based securities company markets Defendant Greenbank's stock.  Dkt 7-24 at 11.  However, this is irrelevant for two reasons: (1) the fact of another company marketing the Defendant's stock has no bearing on whether Defendant purposefully directed activity towards the forum state, and (2) the present claim did not arise from or relate to Defendant's stock.

[4] Indeed, Maplebrook should have investigated whether personal jurisdiction could be exercised over Greenbank before filing suit in the Superior Court.

8

Case No.: 10-CV-03688-LHK
ORDER DISMISSING WITH PREJUDICE FOR LACK OF PERSONAL JURISDICTION

connection is the residence of Maplebrook's membership.  Greenbank has thoroughly briefed its version of the facts, including that "the negotiations for the loan, foreclosure activities, and related communications took place in Tennessee."  *See* Opp'n. at 9 (filed Aug. 20, 2010); MTD at 8-9 (filed Sept. 3, 2010).  Maplebrook has not responded to or contradicted any of Greenbank's factual contentions regarding lack of jurisdiction.  Moreover, even if Maplebrook were to allege that it made mortgage loan payments from California—which is has not—this would not be sufficient to establish personal jurisdiction over Greenbank.  *See Roetenberg v. King and Everhard, P.C.*, No. Civ. A. 00-1452, 2000 WL 1705787, at *4-5 (E.D. Pa. Nov. 6, 2000) (rejecting argument that loan payments paid by a forum state bank and sent from plaintiff's forum state residence conferred personal jurisdiction over nonresident defendants) (relying on *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.")).  The Court concludes that further leave to amend would be futile, as it appears all of the relevant events underlying Maplebrook's complaint took place in Tennessee, on behalf of Tennessee entities.

In light of the Court's decision, the Court does not reach the question of whether abstention is required under *Colorado River*.  Accordingly, this case is DISMISSED WITH PREJUDICE for lack of jurisdiction over Greenbank.

**III. CONCLUSION**

Maplebrook's request for additional briefing is DENIED, and Maplebrook's claims are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: November 12, 2010

_____
LUCY H. KOH
United States District Judge

9

Case No.: 10-CV-03688-LHK
ORDER DISMISSING WITH PREJUDICE FOR LACK OF PERSONAL JURISDICTION